UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAPHNE BELL,

                   Plaintiff,

      v.

DELTA SONIC CAR WASH,

             Defendant.

**DECISION AND ORDER**

20-CV-06077 EAW

---

## INTRODUCTION

*Pro se* plaintiff Daphne Bell ("Plaintiff") commenced the instant action on February 4, 2020, purportedly alleging a violation of her civil rights by Defendant. (Dkt. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Dkt. 2).[1]

The Court has reviewed Plaintiff's motion for *in forma pauperis* status and it is granted. The Court has also reviewed the complaint as required by 28 U.S.C. § 1915(e)(2) and finds that it must be dismissed for lack of subject matter jurisdiction.

---

[1] Because Plaintiff did not pay the filing fee but instead moved for *in forma pauperis* status, no Summons was issued by the Clerk of Court. Notwithstanding this fact, Plaintiff apparently served a copy of her complaint on defendant Delta Sonic Car Wash ("Defendant"), which filed a motion to dismiss on May 26, 2020. (Dkt. 3). In light of the Court's conclusion that the complaint is subject to *sua sponte* denial, Defendant's motion to dismiss is denied as moot.

**BACKGROUND**

The following facts are taken from Plaintiff's complaint.  (Dkt. 1).  As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On November 22, 2016, Defendant caused Plaintiff's 2016 Kia Forte to be thrown from a conveyor belt, which resulted in Plaintiff suffering a concussion and a knee injury.  (*Id.* at 4).  Plaintiff ultimately had to have a knee replacement and was out of work due to her injuries.  (*Id.*).  Plaintiff tried to resolve the matter with Defendant, but Defendant treated her poorly and did provide her with the information she requested.  (*Id.* at 5).

**DISCUSSION**

**I.      Plaintiff's Motion for In Forma Pauperis Status is Granted**

Plaintiff's affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1).  Plaintiff has met the statutory requirements for *in forma pauperis* status and permission to proceed *in forma pauperis* is granted.  The Court now turns to its obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

**II.     Screening Order**

**A.      Standard of Review**

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements."  *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, No. 6:17-CV-06121(MAT), 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017).  In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all

inferences in the plaintiff's favor.  *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).  Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).  "In addition, if the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'"  *West v. Sanchez*, No. 17-CV-2482 (MKB), 2017 WL 1628887, at *1 (E.D.N.Y. May 1, 2017) (quoting Fed. R. Civ. P. 12(h)(3)); *see also English v. Sellers*, No. 07-CV-6611L, 2008 WL 189645, at *1 (W.D.N.Y. Jan. 18, 2008) ("[E]ven pleadings submitted *pro se* must fit within the subject matter jurisdiction of an Article III court. . . .").

### B.      The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

Having reviewed Plaintiff's allegations, the Court finds that it lacks subject matter jurisdiction over her claims.  Plaintiff asserts that there is federal jurisdiction in this case because "[t]he defendant played around with the case and did not take it seriously, was rude, showed no interest in repairing damages to vehicle or plaintiff's injuries."  (Dkt. 1 at 1).  Plaintiff elsewhere indicates that the nature of the suit is "civil rights and personal injury."  (*Id.*).

Plaintiff has not alleged that any of her rights guaranteed by the Constitution or other federal law were violated by Defendant.  Plaintiff's allegations are a straightforward state law claim for negligence.  Plaintiff does not have a federal right to be treated politely, nor has she set forth any other basis on which the Court could find a civil rights violation.

*See Logan v. Town of Windsor*, No. 3:19-CV-1590 GTS ML, 2020 WL 1950860, at *5 (N.D.N.Y. Apr. 23, 2020) (collecting cases *sua sponte* dismissing cases asserting state common-law causes of action including negligence), *adopted*, 2020 WL 4049943 (N.D.N.Y. July 20, 2020), *aff'd*, No. 20-2518, 2021 WL 233333 (2d Cir. Jan. 25, 2021).

Further, although Plaintiff has not asserted diversity of citizenship as a basis for federal jurisdiction, in light of her *pro se* status, the Court has considered whether diversity of citizenship exists here and finds that it does not. Plaintiff has indicated that she is a citizen of New York State. (Dkt. 1 at 6). Plaintiff has not provided any information regarding Defendant's citizenship. However, the New York State Department of State's Corporation and Business Entity Database indicates that Defendant is incorporated in and maintains its principal place of business in New York. Accordingly, the Court also does not have diversity jurisdiction.

Ordinarily the Court would allow a *pro se* litigant the opportunity to amend her complaint prior to dismissal. However, in this case, the flaws in Plaintiff's pleadings cannot be cured through more fulsome pleading—Plaintiff's negligence claim simply does not implicate a federal question. Under these circumstances, the Court finds it unnecessary to allow Plaintiff an opportunity to amend before dismissing the complaint.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted. Plaintiff's complaint has been screened in accordance with 28 U.S.C. § 1915(e)(2) and the Court concludes that the Court lacks subject matter jurisdiction, and that additional allegations cannot cure the defects in Plaintiff's pleading. Accordingly,

Plaintiff's claims are dismissed without prejudice.  The Clerk of Court is instructed to enter judgment and close the case.   Defendant's motion to dismiss (Dkt. 3) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and, therefore leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Any request to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:          February 16, 2021
                Rochester, New York

- 5 -